**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELVIN ALEXI GARCIA AVILA, | No. 1:26-cv-00631 JLT EPG (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENT'S MOTION TO DISMISS, DIRECTING RESPONDENT TO PROVIDE PETITIONER A SUBSTANTIVE BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al., | |
| Respondents. | |
| | (Docs. 1, 14, 15) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 27, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, Respondents' motion to dismiss be denied, and Respondent be directed to immediately release Petitioner. (Doc. 21.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) On March 13, 2026, Respondents filed timely objections. (Doc. 16.)

In the objections, Respondents proffer new arguments regarding the construed due process

1

claim and evidence that Petitioner was detained after he was convicted of driving under the influence of alcohol. Though Respondents fail to explain why this information was not presented in the response to the petition, the Court will exercise its discretion to consider the new evidence about Petitioner's criminal history, given that Petitioner had the opportunity to respond to the objections. *See Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188 (9th Cir. 2024) ("A district court does not abuse its discretion in considering new arguments or evidence if the opposing party had an opportunity to respond."); *see also* Doc. 15 at 8 (providing 14 days for any party to respond to objections).

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court agrees with the findings and recommendations that the Petition should be granted, but declines to order immediate release. Because the record indicates that Petitioner has sustained at least one conviction for driving under the influence since his release on recognizance, the Court concludes that a bond hearing is the appropriate remedy. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549 (E.D. Cal. Nov. 3, 2025); *Sing Gill v. Chestnut*, No. 1:26-CV-00521-JLT-EPG-HC, 2026 WL 618247 (E.D. Cal. Mar. 5, 2026).

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on February 27, 2026 (Doc. 15) are **ADOPTED IN PART**.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondent's motion to dismiss the petition (Doc. 14) is **DENIED**.

4. Petitioner **SHALL** be provided a substantive bond hearing no later than April 10, 2026 at which the Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released. At any such hearing, the Government **SHALL** bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner **SHALL** be allowed to have counsel present.

5. Within five days of the bond hearing, Respondents shall file a status report confirming

that the hearing was provided.

6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    **March 30, 2026**

UNITED STATES DISTRICT JUDGE

3